Elderkin v. Elderkin.

in to testify for the benefit of both; one is by the act of the plaintiff, the other by act of law.

## STORES V. STORES.

An order drawn by the plaintiff on a third person, for value received in favor of the defendant, and delivered to him, may be charged on book, and the plaintiff be allowed to swear to it.

ACTION of debt by book. Plea — owe nothing. Issue to jury. The book consisted of two articles; one for cash paid £4, and one for an order drawn in favor of the defendant, on William Campbell, for £60 value received.

Question to the court — Whether such an order may be charged on book; and whether the plaintiff may be admitted to swear to it, when in the writing he has acknowledged that he has received the value.

By the COURT. The order may properly be charged on book, and the plaintiff be allowed to swear to it, it being an article of commerce; there is a wide difference between an action brought upon an order or bill of exchange, and an action brought for an order or bill of exchange.

## ELDERKIN V. ELDERKIN.

An action in the name of a bankrupt, whose property is all assigned to trustees, is not sustainable upon a note taken before the bankruptcy.

ACTION on note, executed at Roxbury in the Massachusetts, payable to plaintiff or order, where notes are negotiable, and there indorsed to Thomas Lee; said note dated 20th October 1770.

Before the commencing of this suit the plaintiff obtained an act of bankruptcy in his favor, and all his property was assigned to trustees. Plea — Full payment. Issue to the court. Objection, that this action cannot be maintained in the plaintiff's name: By the court it cannot; and it was withdrawn.

But the court was of opinion — That an action might be maintained by Mr. Lee, the indorsee in his own name, as the

note was executed and indorsed in the state of Massachusetts, where by law it was negotiable.

### NEW LONDON COUNTY, SEPTEMBER TERM, 1789.

### MAPLES AND MONROE v. PECK.

In an action by an officer, for goods taken in execution, upon a special undertaking of the defendant to keep and redeliver them; it is not necessary to aver that he posted them, nor that the judgment remains in force unsatisfied.

ERROR. Peck was an officer, had an execution in favor of Marcia Maples against said Monroe and others to serve and collect — he levied it on some cattle, the property of Monroe, and was about to post them, and upon the request of the defendants he delivered said cattle to them to keep, and took their promise in writing to deliver them to him on the day of        upon his demand, as by said receipt or writing, etc. That they never delivered said cattle, although specially demanded on said day; whereby he is become liable to pay said execution, to his damage £90. Demurrer. Judgment of the Common Pleas — That the declaration was sufficient.

Errors assigned were — 1st. It appears that the cattle were the property of Monroe, one of the defendants; and it doth not appear that said Peck ever posted said cattle as the law directs. 2d. There is no averment in the declaration that said judgment and execution remain unpaid and unreversed. Plea — Nothing erroneous.

Judgment — That there is nothing erroneous in the judgment complained of.

By the COURT. The action is brought upon a special undertaking and promise. The presumption is, that the officer has done his duty, unless the contrary is averred. The allegations supposed to be wanting in the declaration, are not necessary; and if the defendants would avail themselves of them, they ought to have plead the payment or reversal in bar, and that the goods were returned to the owner. Same point adjudged in an action brought by Hartshorn, an officer, upon a receipt for a horse taken on execution, against Halsey, at New London, September 1784.

This judgment was affirmed in the Supreme Court of Errors.