The Court ordered the motion to be filed, and the cause was continued. And now, at this term, the Chief Justice and the Judges Sewall and Parker, being present, the following opinion of the Court was delivered by
Parsons, C. J.
This question comes before the Court on the motion of Nathaniel Goodwin, that he may be admitted to prosecute a suit, pending in this Court, and commenced by Daniel Goodwin against Ebenezer Jones.
The facts on which this motion is founded are, that Daniel Goodwin, of Hartford, in the state of Connecticut, sued out the original writ in this cause against the said Jones, in an action, the cause of which by law survives to his executor or administrator; that he prosecuted his action, until the same was regularly pending in this Court by appeal, and then he died; and that at the next term Nathaniel Goodwin, of the same Hartford, having obtained from the Probate Court for the district of Hartford, under the authority of the state of Connecticut, administration of the goods and estate of the said Daniel Goodioin, moved the Court that he might, in his said capacity, be admitted further to prosecute this action against the said Jones.
The motion is founded on the statute of this commonwealth, 1784, March 4, c. 32, which provides that when an [ * 517 ] action is * pending, the cause of which will survive, if either party die, his executor or administrator may take upon himself the prosecution or defence of the action. And if an administrator, deriving his authority from the laws of any other state, i within the true intent of this statute, the motion ought to be granted
*451 As this statute extends only to actions, the causes of which survive to the executor or administrator, it is manifest that the administrator cannot be admitted to prosecute this action, unless he could have originally commenced an action for this cause, in a court of this state, after his intestate’s death, by virtue of his letters of administration granted in the state of Connecticut. The motion may therefore be considered as requiring a decision of the question, whether an administrator, by virtue of his administration granted in any other state, can maintain a personal action, founded on contract, in any of the courts in this state.
The counsel in favor of the motion have argued that all the per sonal estate of any person, wherever it may be, follows the person, and must be governed by the law of the place where the owner has his domicil; and they have compared an administrator to the assignee of a bankrupt, who may sue to recover the bankrupt’s effects in any state where they are found. It is admitted that the assignee of a bankrupt, duly appointed pursuant to the laws of the state where the bankrupt dwells, may maintain an action in that character in any other state, the laws of which are not repugnant to his recovery (3). And it is also admitted that the personal effects of a deceased intestate, remaining after his debts are paid, shall be distributed according to the law of the state, to which at his death he was subject. But it may be questioned whether the interest the administrator has in the personal estate of the intestate is as general as the interest of the assignee. The assignment of a bankrupt’s effects may be considered as his own act, as it is in the execution of laws by which he is bound, he himself being competent to make such assignment, and voluntarily committing the act which authorized the making of it. The administrator’s powers result from the provisions of law made to dispose of the intestate’s effects, after his death had extinguished his property in *them ; [ * 518 ] and these provisions cannot extend to the effects not within the jurisdiction of the state from which such provisions of law derive their force.
The common law limits the power of the ordinary, in granting administrations, to goods within his diocese ; and if the intestate left bona notabilia, the granting of administration belongs to the metropolitan, whose power is limited to his own province. An administration granted by him does not extend to Ireland, though under the same sovereign; for if a man dies intestate in London, having goods in London and in Dublin, administration of his goods in Dublin must be granted in Ireland. Gibs. 472.
*452 On this principle of the common law, an administrator, appointed in Connecticut, cannot claim the effects of his intestate that were not within that state at his decease.
But if it be admitted that an administrator, so appointed, might claim, on general principles, the intestate’s goods in this state ; yet that claim cannot be enforced, if the laws of this commonwealtli are repugnant to it. Before we consider some of these laws relating to tliis subject, two principles are to be premised as unquestionable:—■ That the title to, and the disposition of, real estate must be exclusively regulated by the law of the place in which it is situated; and that there cannot be, at the same time, two administrators holding distinct and independent rights to administer the same goods of the same intestate.
An administrator in this state has all the powers over the goods of the deceased, which is possessed by an administrator at common law; and he must administer all the goods, chattels, rights and credits of the intestate, which are within the state. And further, by our laws, the real estate is assets, in the hands of an executor or administrator, to pay the debts of the deceased, if his personal estate be insufficient, and may be sold by him on obtaining a license. If the estate be insolvent, he must pay all the creditors their demands, joro rata, the real, as well as the personal estate of the deceased composing the fund. If any judgment be recovered for a lebt due from the deceased, the lands, which were his, may be • aken to satisfy the judgment; and for this purpose the law considers them as in the hands of the executor or adminis [ * 519 ] trator, and charges him * with waste, if by his neglect in satisfying the judgment, the lands were so taken. He may satisfy any judgment recovered by him, by extending his execution on the lands of the debtor. And he may maintain a real action to foreclose a mortgage of lands, declaring on the seisin of the deceased; and the lands extended on, or mortgaged, he may, on obtaining license, sell for the payment of the deceased’s debts. And in all cases, where .he shall sell lands for the payment of debts, he must account for the proceeds to the judge who granted him administration, who may, in the two last cases, allow the charges of administration to be a lien upon the land.
From a view of these statutes it is very certain that the administrator, on whom these duties are enjoined, and to whom, this power is given, must derive his authority from the laws of the commonwealth. He has the disposition of lands, and for their proceeds he must account to the judge of probate, to whom no administrator can be compellable to account, unless he who received his admin istration from the judge. On one of the statutes a judicial lecision *453 has settled the point. Sherburne, an administratrix, sued Emery in the county of York, in a real action to foreclose a mortgage. The intestate living and dying in New-Hampshire, the administration was" there granted; and it was held by the whole Court that the action, for that reason, was not to be maintained. The administratrix afterwards took out letters of administration in York, and foreclosed the mortgage.
If this motion should prevail, and the personal assets of the de ceased be insufficient to pay his debts, how could his lands in this state be assets in the hands of the present administrator ? Or if, in this action, he should recover judgment against Jones, and satisfy that judgment by a levy on the debtor’s lands, by what legal process could those lands be made assets for the payment of the intestate’s debts ?
When any person, an inhabitant of another state, shall die intestate, but leaving real estate within this commonwealth, if administration should not be granted by some judge of probate of a county in which the estate lies, there would be no legal remedy for the creditors of the deceased to avail themselves of his real estate for the payment of the debts - due to *them. [ * 520 J Therefore to prevent a failure of justice, administration in such case must be granted by some probate court here; and the administrator, so appointed, will, by virtue of his letters of admin istration, and of the laws, also have the administration of all the goods, chattels, rights and credits of the intestate which were within the state. And if a foreign administrator of that intestate should also have the administration of his personal estate here, there would exist two administrators of the same goods of the same intestate, independent of each other, and deriving their authority from different states, a consequence which cannot be admitted. But the granting of administration here cannot divest the foreign administrator of any rights already vested in him; and the necessary inference is, that whether administration be, or be not, granted in this state, an administrator appointed in another state cannot legally claim any interest in the goods of his intestate, which are subject to an administration granted in this state. And it is no objection to this reasoning, that debts due to the intestate on simple contract are to be considered as goods situate where he dies. For if the position be admitted, contrary to the authority of Wentworth, in his Executor (page 46,) where it is supposed that such debts are bona notabilia where the debtor lives; yet the administrator, if he recover judgment on such contract in this state, may satisfy it by an extent on lands, which certainly in their disposition are exclusively subject to the control of the laws of the commonwealth.
*454 We have no particular statute relating to foreign administrators; but the manner, in which an executor of a will proved without the state, may execute his trust within, is regulated by the statute of 1785, June 29, c. 12. Tht executor, or any person interested in any will proved without the state, may produce a copy of it, and of the probate under the seal of the foreign court which proved it, before the judge of probate of any county where the testator had real or personal estate, whereon the will may operate, and request to have the same filed and recorded, which the judge, after notice and hearing all parties, may order to be done; and he may then take bonds of the executor, or may grant administration cum [ * 521 ] testamento annexa of the testator’s estate * lying in this government not administered, and may settle the estate, as in cases where the will has been proved before him. This statute needs no explanation. The executor of a will proved without the state cannot intermeddle with the effects of the testator in the state, but with the assent of a judge of probate, to whom he must first give bond. Neither can an administrator with the will annexed intermeddle, unless he is appointed by some judge within the state, who has authority to settle the whole estate within his jurisdiction. And it would be inconsistent with the manifest intent of the statute to allow an administrator of an intestate, not an inhabitant or resident within the state at his death, an authority derived from a foreign administration, which he could not have under the foreign probate of a will, of which he was the executor.
To obviate the inconvenience from the existence of two administrators, each having an independent right to prosecute a suit for the same cause of action, if a foreign administrator be allowed to prosecute a suit in the courts of the commonwealth, it has been said that our courts of probate cannot now grant administration of the goods and estate of a person who was not an inhabitant, nor resident within the state at the time of his death. This objection deserves some consideration.
The statute of 1784, March 12, c. 46, erecting the present courts of probate, enacts that a court of probate shall be held in each county by a judge for taking the probate of wills and granting administrations of the estates of persons deceased, being inhabitants or residents within the same county at the time of their decease; and for such other matters and things, as the courts of probate within the several counties shall by the laws of the commonwealth, have cognizance and jurisdiction of. It appears from the latter part of the section, that this court, thus established, has general jurisdiction of all probate causes recognized by law. And all laws of the late province, not repugnant to the constitution, nor since *455 altered or repealed, now remain in force. The charter grants that the governor of the province, with the council, may do, execute or perform all that is necessary for *the probate [ * 522 ] of wills, and granting administrations, for, touching or concerning any interests or estates, which any person or persons shall have within the province, without any restriction to persons, who were inhabitants or residents at their death. Under this charter, no inferior courts of probate were erected by statute; and the judges of probate in the several counties acted as the deputies of the governor and council, who were the supreme ordinary; and their powers were recognized, and their proceedings regulated by several acts of the provincial legislature. But no statute was ever passed limiting the probate jurisdiction, as granted in the charter. In cases, therefore, where the deceased, not an inhabitant or resident, left at his death any interest or estate within the state, the present courts of probate have jurisdiction. It may be added, that the former part of the section contains no negative words; and that the limitation there inserted, was probably introduced to regulate the jurisdiction of thé several courts of probate, when the deceased was an inhabitant or resident. When the deceased intestate was not an inhabitant or resident, administration may be granted by the judge of probate of any county, where the estate lies; and from analogy to the several statutes relative to the powers of administrators, and to the jurisdiction of probate courts, the person first obtaining administration will have legal authority to administer all the estate of the intestate, although it may lie in several counties of the commonwealth (4).
Upon fully considering this subject, it is the opinion of the Court that the motion cannot be granted, and that judgment be entered that the writ is abated by the death of the original plaintiff.
We are sensible that the courts in Connecticut admit administrators, receiving letters of administration in another state, to prosecute personal actions in those courts. This usage probably arose from an agreement of the four New-England colonies, made in the year 1648, that if any known planter or settled inhabitant die intestate, administration shall be granted by the colony to which the deceased belonged, though he died in another colony, and that the administration, being duly certified, shall be of force for gathering in the estate in the rest of the colonies. Hazard's Collection, vol. 2, page 124.
*An intercommunity of the rights of administration [*523] among neighboring states, in which lands are assets for *456 the payment of debts in pari passu, with full power to settle the whole estate, in whatever jurisdiction it might lie, would, in many cases, especially where there was a deficiency of personal assets to pay all the debts, be very convenient. But a comity of this nature must result from the provisions of the legislature, and not from the judgments of this Court (5).

Writ abated.

 [Ingraham vs. Geyer, 13 Mass. 146.—Sed vide Orr vs. Amory, 11 Mass. 25— Dawes vs. Boylston, 9 Mass. 337.—Chitty’s Plead. 17, 5th ed.—Ed.]

 [Stevens vs. Gaylord, 11 Mass. 256.- Ed.]

 [Borden vs. Borden, 5 Mass. 67.—Langdon vs. Potter, 11 Mass. 313.—Ed.]