HENRY SABIN, ADMINISTRATOR OF A. DORMAN,

*versus*

COTTON GILMAN.

One who has obtained letters of administration under the authority of another state, cannot prosecute an action in this state by virtue of such letters of administration.

THIS was an action of assumpsit. The defendants pleaded in abatement that administration of the goods and estate of the said A. Dorman had never been granted to the plaintiff. To this the plaintiff replied, that the said A. Dorman at the time of his death was an inhabitant of, and had his residence in, the state of Connecticut, where administration of his goods and estate had been duly granted to the plaintiff. To this replication there was a general demurrer and joinder.

*S. Moody,* for the plaintiff.

*J. P. Hale* and *J. Woodman,* for the defendant.

*Per curiam.* It has long been settled, in this state, that neither an executor nor an administrator can prosecute an action in our courts by virtue of letters granted to him under the authority of another state. 3 *Mass. Rep.* 514, *Goodwin* vs. *Jones.*—1 *Cranch* 259, *Fenwick* vs. *Sears,* admin-

Sabin, Adm'r,  istrator.—3 *Cranch* 319, *Dixon's Executors* vs. *Ramsay's*
  *vs.*
  Gilman.  *Executors*. The replication is insufficient, and the defendant
is entitled to judgment.

> *Judgment for the defendant.*