BRUSH *against* CURTIS.

The holder of a negotiable note, payable to a third person, deriving his title, not by indorsement, but by an assignment under the insolvent laws of another state, cannot maintain an action here, in his own name, on such note.

The assignment of an insolvent debtor's effects, under the laws of another state, is equivalent to a voluntary assignment made by him personally.

This was an action of *assumpsit,* brought by *Brush,* " as assignee of the estate and effects of *Willam S. St. John,* of the city of *New-York,* an insolvent debtor, according to the form and effect of two certain statutes of the state of *New-York,*" on a promissory note, made by the defendant, dated the 6th of *June,* 1816, in and by which the defendant promised, for value received, to pay to the said *William S. St. John,* or order, the sum of 496 dollars, 89 cents, ten days after date, with interest.   The declaration then recited the insolvent law of *New-York,* passed *April* 12th, 1813, and an act to amend that law, passed *February* 28th, 1817.   By the provisions of these acts, the chancellor, recorder, or other officer therein named, is authorized to direct an assignment of all the insolvent debtor's estate, both in law and equity, to be made, by such debtor, to an assignee, to be nominated by the creditors, in trust and for the benefit of such creditors.   The plaintiff then averred, that on the 1st of *March,* 1818, *Richard Riker,* Esq. recorder of the city of *New-York,* upon regular proceedings first being had, directed an assignment of all the estate of said *St. John,* both in law and equity, to be made, by him, for the benefit of his creditors, to the plaintiff, who had been duly nominated assignee ; and that said *St. John,* in pursuance of said order, and within ten days thereafter, by legal conveyances, assigned and transferred to the plaintiff all his, said *St. John's* estate, in law and equity, including the note on which this suit is brought.   The plaintiff also averred, that by virtue of said acts, he was authorized and empowered, in his own name, to collect said note, and to maintain and prosecute any suit, either in law or equity, for the recovery and collection of any of the estate or effects of said *St. John,* so assigned as aforesaid to the plaintiff, and to convert the same into cash ; and a right of action had accrued to the plaintiff to recover and receive in his own name, the amount of said note from the defendant.   The proceedings had under the insolvent laws, were particularly set forth in the declaration ; but as no ques_

tion arose upon them, the general statement already made, will be sufficient for the present purpose.

The defendant demurred to the declaration; and the case was reserved for the advice of all the Judges.

*Daggett* and *J. Strong*, in support of the demurrer, contended, That the plaintiff had not shewn himself entitled to bring the action. The plaintiff declares on a note not payable to himself, but to *Wm. S. St. John.* This being a chose in action, and the plaintiff not a party to the instrument, he can have no right to sue, unless he shews, that he comes within some rule of law, making this case an exception to the common law rule that *a chose in action is not assignable.* There is but one exception known to our law, where the parties are living; and that is, the transfer of a negotiable instrument, *by indorsement.* But the plaintiff does not bring himself within this exception. The averment in the declaration, is, that " said *St. John* assigned and transferred to the plaintiff all his, *St. John's,* estate, including the note in suit." If the legal interest in this note was transferred, the legal interest in all *St. John's* bonds and covenants was transferred. The holder of a negotiable instrument payable to another, not indorsed, can no more sue upon it, in his own name, than he can sue upon a bond payable to another.

Can it help the plaintiff's right, that the transfer was made in pursuance of certain statutes of the state of *New-York?* Can he sue here, because by the laws of the state of *New-York,* he is the trustee of *St. John?* Those laws do not operate here, *proprio vigore.* Foreign laws will be regarded, for the purpose of *construing* a contract made under them; but in all that relates to the *remedy,* the laws of the state in which the action is brought, must govern. The laws of *New-York,* though they create a right in the assignee, do not affect the remedy provided by our own laws. It is well settled, that trusts, derived from the laws of any state, are of no force beyond the jurisdiction of that state. An executor or administrator, acting here, must derive his powers from the courts of probate in this state. *Riley* v. *Riley,* 3 *Day* 74. *Champlin* v. *Tilley,* 3 *Day* 303. *Goodwin* v. *Jones,* 3 *Mass. Rep.* 514. But it is unnecessary to refer to *analogous* cases: there are *direct* authorities to shew, that the laws of *New-York* can give the plaintiff no right to sue here. *Orr* & al. v. *Amory,* 11

*Mass. Rep.* 25. *Dawes* v. *Boylston,* 9 *Mass. Rep.* 337, 346. *Bird &* al. v. *Caritat,* 2 *Johns. Rep.* 342. 344,5.

Further, it does not appear from the insolvent laws of *New-York,* as set out by the plaintiff, that he could, even there, prosecute in his own name. An averment, not supported by the statutes recited, will avail nothing.

*N. Smith* and *R. I. Ingersoll,* contra, contended, 1. That taking the whole declaration together, it appears, that the plaintiff was the assignee of *St. John,* independently of the laws of the state of *New-York.* The declaration states, that the note was negotiable ; and that an assignment was actually made, by the payee ; and that the note was delivered to the plaintiff. Is any precise form of words, or manner of writing them, necessary to transfer a negotiable note ? The declaration states, that this note was *legally assigned;* and that is sufficient.

2. That by the laws of the state of *New-York,* where the contract was made, and where the parties lived, the legal title was transferred. The declaration, after stating that *St. John* transferred to the plaintiff, by legal conveyances, all his property, including this note, avers, that by the laws of that state, the assignee is entitled to sue, in his own name, and has the sole legal interest. There are two modes of setting out statutes, both of which are good ; *in hæc verba,* and according to the legal effect. In this part of the declaration, the statutes in question are set out according to their legal effect.

3. That the plaintiff, having the legal title to the insolvent's effects, so that he could sue for them, in his own name, in the state of *New-York,* can sue for them, in any state where they are found. This was admitted by Ch. J. *Parsons,* in *Goodwin* v. *Jones,* 3 *Mass. Rep.* 517. and by Lord *Kenyon,* in *Smith* v. *Buchanan,* 1 *East* 11. It seems also to have been recognized, by *Thompson,* J. and *Kent,* Ch. J. in *Bird &* al. v. *Pierpont,* 1 *Johns. Rep.* 121. 126, 7. In *Innes* v. *Dunlop,* 8 *Term Rep.* 595. it was decided, that the assignee of a *Scotch* bond, suing in his own name, could maintain an action of *assumpsit,* in *England,* against the obligor, for the debt. And it has been decided in this state, before notes were negotiable here, that the indorsee of a note, made in a state by whose laws notes were negotiable, might sustain an action upon it here, in his own name. *Elderkin* v. *Elder-*

*kin*, 1 *Root* 139. *Bowne* v. *Olcott*, 2 *Root* 353. *Goff* v. *Billinghurst*, 2 *Root* 527.

The cases cited by the defendant's counsel, in relation to executors and administrators, deriving their powers from courts of probate in other states, were decided on grounds not applicable to this case.

Hosmer, Ch. J. The general question raised for determination, is simply this ; Whether by the law of *Connecticut*, the plaintiff, in his own name, can maintain an action on the note in suit.

The note might have been absolutely negotiated, *by indorsement*, so as to have vested the legal interest in the assignee ; (*Chitty* on *Bills* 17. 141.) but no such fact existing, it cannot be insisted, that the plaintiff has derived any right from this source.

The averment in the declaration, that by the acts of the legislature referred to, the plaintiff is authorized and empowered, *in his own name*, to maintain and prosecute for the recovery of the estate and effects of *St. John*, is unavailable, for two reasons. It is not the subject of a general allegation ; but the acts should have been recited. Waiving, however, this technical objection, the law merely gives *a remedy*, which is valid in the courts of the state where it was enacted, but does not change the nature of the right derived from the assignment.

Passing by the question made at the bar, relative to the operation of the insolvent law of *New-York* on the estate of the debtor, without the jurisdiction of that state, as being unnecessary to be determined, I will take for granted, that it is assigned, and limit myself to this single enquiry ; Whether the assignment of *St. John*, by its proper force, has vested in the assignee, a *legal title* to the note in question.

A chose in action, at common law, is not assignable, so as to vest in the assignee, any thing beyond an equitable interest.

The title of the plaintiff was not derived from an indorsement of the note, but from an assignment ; and his interest in it is of the same nature as in the bonds, or other specialties of the debtor.

The assignment of a bankrupt's effects in another country, is equivalent to a voluntary assignment made by him personally. *Smith* v. *Buchanan*, 1 *East* 11. *Goodwin* v. *Jones*, 3 *Mass. Rep.* 517. *Bird & al.* v. *Caritat*, 2 *Johns. Rep.* 344.

From these undoubted principles, it clearly results, that the

title of the plaintiff to the note declared upon, like his title to the bonds and specialties of the debtor, is equitable only ; notwithstanding, by express statute, so far as the laws of *New-York*, by their proper force, can operate, he is authorized to sue in his own name. Precisely to this effect was the determination of the supreme court of that state, in *Bird* & al. v. *Caritat*, 2 *Johns*. *Rep*. 344. It was said, by *Kent*, Ch. J., " at common law, a chose in action is not assignable. It was not, therefore, in the power of the bankrupt to assign the premises (demands for money paid) stated in his declaration, so as to enable the assignee to sue upon them in his own name ; yet his assignment would have transferred as valid a title as that under the foreign commission. No instance has been shown in which the *English* courts of law have allowed the foreign assignee to prosecute *in his own name ;* and, I presume, no such instance exists." In the case from which the above extract is made, the action was brought in the name of the *English* bankrupts ; and was sustained. In *Dawes* v. *Boylston*, 9 *Mass*. *Rep*. 337. and in *Thomas* v. *Amory*, 11 *Mass*. *Rep*. 25. the same point was, in the same manner, decided. In the case of *Innes* v. *Dunlop*, 8 *Term Rep*. 595. an action of *assumpsit* was brought, by the assignee of a bankrupt, upon the defendant's promise to pay a *Scotch* bond, and was supported ; which, it is presumed, would not have taken place, if he was vested with a legal title to the bond.

The cases of *Elderkin* v. *Elderkin*, 1 *Root* 139., *Bowne* v. *Olcott*, 2 *Root* 353., and *Goff* v. *Billinghurst*, 2 *Root* 527., were cited, by the plaintiff ; but, obviously, have no bearing on the point under discussion ; the notes in all these instances having been negotiable, and actually negotiated, by *indorsement*.

In the case of *Goodwin* v. *Jones*, 3 *Mass*. *Rep*. 514. Ch. J. *Parsons*, as has been supposed, expressed an opinion, that the assignee of a bankrupt might prosecute in his own name. The principal point of the case related to the authority of an administrator ; and, in argument, the Ch. J. remarked, that " the assignee of a bankrupt, duly appointed, may maintain *an action*, in that character, in any other state, the laws of which are not repugnant to his recovery." The sole object of this observation was the expression of an opinion, that the *title* of an assignee ought to be recognized, although it was derived from persons living in another state or kingdom. But whether he could sue in his own name, on a chose in action,

not negotiable, or not negotiated, was not within the scope of the remark. What was the opinion of the learned judge may readily be inferred, by a subsequent observation of his, in the same case. "The assignment of a bankrupt's effects may be considered *as his own act*, as it is in the execution of laws by which he is bound, *he himself being competent to make such assignment, and voluntarily committing the act, which authorized the making it.* The judge, who considers the title of an assignee, as derived *from the voluntary assignment* of the debtor, could not be at a loss, with regard to its legal effect.

The plaintiff should have brought his action in the name of *St. John* ; and having recovered the money due, it would have been his legal property, in trust for the creditors.

The other Judges were of the same opinion.

Declaration insufficient.