Per Curiam.

A mortgage, though of lands in fee, is to many purposes considered as a chattel interest; but this is not strictly true in all instances. Upon the death of such a mortgagee, the land descends by the common law to the heir, although the executor or administrator is entitled to the money. The St. 1788, c. 51, was made to remedy this inconvenience. By the first section of that statute, it is enacted, that when the mortgagee dies before entry for breach of the condition, the land, as well as the debt, shall be assets in the hands of the executors or administrators, as personal estate ; that they may dispose of it as if .it had been personal estate pledged; and that they may maintain actions to recover the seisin and possession of land so mortgaged. This statute refers only to executors and administrators appointed in this State ; and its operations must be confined to them. Otherwise, the administratrix of the mortgagee might, by the express words of the statute, have maintained an action in her own name on this mortgage. Yet it has been decided, in the cases cited in the argument, (Goodwin v. Jones, 3 Mass. Rep. 514; Borden v. Borden, 5 Mass. Rep. 67,) with reference to actions under this same statute, as well as to other actions, *87 that they cannot be maintained by executors or administrators appointed in any other State or country.
The assignment of a mortgage is, in one view, merely an assignment of the debt, with the collateral security for the payment of it. But, after a foreclosure, the land becomes the principal thing, and the debt is extinguished to the extent of the value of the land. It must therefore be anticipated, in the making and in the assignment of a mortgage, that the land may eventually be held as an absolute estate by virtue of those conveyances ; and they must be such as would be sufficient to convey the land, if the conveyance were absolute and without condition. It is a settled principle, that, “the title to, and the disposition of, real estate must be exclusively regulated by the law of the place in which it is situated.” By our law, an administrator appointed here cannot convey the real estate of the deceased, unless in certain cases and in certain modes prescribed by our statutes. Those statutes, as before observed, do not extend to foreign administrators ; and of course the conveyance by the foreign administrator to the plaintiff in this case is insufficient.
It may be added, that although this objection seems to apply only to the title which the assignee may have or claim after a foreclosure, yet the question may, and often does arise, in the action to foreclose the mortgage. Every such action partakes of two distinct characters. If the defendant has no title but that which the mortgager had at the making of the mortgage, the action is substantially nothing more than a bill in equity for a foreclosure. But if the defendant holds by any other title, adverse to that of the mortgager and supposed to be better than his, the action then becomes in effect a common writ of entry. The demandant, in that case, must be able to maintain his right to the land in the same manner as if the original conveyance, under which he claims, had been absolute. As it cannot be foreseen on which of these grounds the defence will be placed, the demandant’s title, whether disclosed m the declaration, or in evidence on a trial upon the general issue, must be such as would prima facie entitle him to a verdict; and this must be exhibited, before the tenant can be required to disclose his title. In the present case, the demandant’s title, *88 as it appears on the pleadings, is materially defective ; and this is a sufficient bar to the action, without inquiring into the title of the tenant.[1]

The plea in bar adjudged good.

 See Doolittle v. Lewis, 7 Johns. Ch. R. 45; Trecothick v. Austin, 4 Mason, 16. An administrator in Virginia need not take out ancillary administration here, in order to seize a slave who has escaped into this State. Commonwealth v. Griffith, 2 Pick. 11 In Maine it has been decided, that an executor appointed under the laws of Massachusetts, cannot indorse a promissory note payable to his testator by a citizen of Maine, so as to give the indorsee a right of action in his own name in Maine. Stearns v. Burnham, 5 Greenl. 261. Acc Thompson v. Wilson, 2 N. Hamp. R. 901. Contr Harper v. Butler, 2 Peters's Supr. Ct. R. 239.