Isaac Gallup, Administrator *vs.* Thomas Gallup 2d.

An action brought by one who is appointed, in this State, administrator of the estate of an inhabitant of another State, within twenty years from the death of such inhabitant, is not barred by the statute of limitations, if it is commenced within two years after the first appointment of such administrator.

Assumpsit on the defendant's promissory note for $331.73, dated at Sterling, (Connecticut,) October 3d 1834, payable on demand, with interest, to the plaintiff's intestate, or his order. Writ dated May 17th 1845. The parties submitted the case to the court on the following statement of facts:

" The note declared on was given to Joseph Gallup, who, at the date thereof, resided in Connecticut, where he continued to reside till his death in December 1837, and where the plaintiff was appointed administrator of his estate in April 1838. On the 26th of April 1839, the sum of $240 was paid to the plaintiff, in Connecticut, as such administrator, by an agent of the defendant, and was indorsed on said note. In September 1839, a settlement and division, in part, of the property of said Joseph, was made, and the other heirs quitclaimed and assigned to the plaintiff and Elisha Gallup all their interest in certain uncollected notes and demands, including the note now in suit. On the 15th of April 1845, the plaintiff petitioned the judge of probate for the county of Worcester to be appointed administrator of the said Joseph's estate, and was duly appointed such administrator on the 6th of May following, and accepted the trust and gave bonds accordingly. No letters of administration on said Joseph's estate had ever been previously granted in Massachusetts."

*J. C. B. Davis*, for the plaintiff.   The sole question in this case is, whether the action is barred by the statute of limitations.   By Rev. Sts. *c.* 120, § 10, if any person, entitled to bring, or liable to, an action, shall die before the expiration of the time limited, by said chapter, for the bringing of an action, " or within thirty days after the expiration of said time, and if the cause of action does by law survive, the action may be commenced by or against the executor or administrator of the deceased person, at any time within two years after the grant of letters testamentary or of administration, and not afterwards, if barred by the provisions of this chapter."   By the decease of a promisee, either before the statute bars an action on his claim, or within thirty days after it would have been barred if he had lived, the operation of the statute ceases, and a new period commences, within which he may maintain an action.   The letters of administration, mentioned in the statute, must be given to a person who can sue the intestate's demand ; that is, they must be given by a probate court in this Commonwealth.   *Murray* v. *East India Co.* 5 Barn. & Ald. 204.   *Hobart* v. *Connecticut Turnpike Co.* 15 Connect. 145.   *Goodwin* v. *Jones*, 3 Mass. 514.   And these letters may issue at any time within twenty years from the death of the intestate.   Rev. Sts. *c.* 64, § 13.

*F. H. Dewey*, for the defendant.   This action cannot be maintained, unless the plaintiff shows that it is not within the Rev. Sts. *c.* 120, § 1, barring actions of assumpsit, &c. that are not commenced within six years next after the cause of action accrues.   More than six years had elapsed, after the date of the note, before letters of administration were taken by the plaintiff.   And as administration may be granted at any time within twenty years from the death of an intestate, it follows from the plaintiff's construction of the statute of limitations, that an action on a note will not be barred until twenty eight years have elapsed.

The plaintiff, in order to avoid the statute bar, should have taken letters of administration within six years from the intestate's death, as was done in the case cited from 5 Barn

& Ald. 204. This might have been within a reasonable time; and as the plaintiff knew all the facts, his long neglect to take administration in this Commonwealth should bar his action. See *Codman* v. *Rogers*, 10 Pick. 119. *Chandler* v. *Chandler*, 4 Pick. 78, 81. *Huntington* v. *Brinckerhoff*, 10 Wend. 282. *Jackson* v. *Horton*, 3 Caines, 197, 205. *Heard* v. *Meader*, 1 Greenl. 156. *Wilcocks* v. *Huggins*, 2 Stra. 907. *Hickman* v. *Walker*, Willes, 27. *Wright* v. *Oakley*, 5 Met. 400, 409.

SHAW, C. J. The plaintiff sues as administrator of the estate of Joseph Gallup, promisee in the note declared on, who lived and died in the State of Connecticut. The only question, upon the statement of facts, is, whether the action is barred by the statute of limitations. It appears, by a comparison of dates, that the promisor lived a little more than three years after the date of the note, which was payable on demand. Clearly, then, the action of the promisee was not barred by the six years' limitation in Rev. Sts. *c.* 120, § 1; and by § 10, the action may be commenced by the administrator of the deceased, at any time within two years after the grant of letters of administration.

This must be construed to be within two years of the grant of letters of administration, such as would warrant an administrator to sue. Even under the old statute of limitations, 21 Jac. I. *c.* 16, it was held that on a note which became due to a party after his decease, no right of action accrued till administration granted; till there was a party capable of suing; and that the statute of limitations began to run at that time. *Murray* v. *East India Co.* 5 Barn. & Ald. 204. The administrator appointed in Connecticut had no authority to sue here. No right of action accrued to him. *Goodwin* v. *Jones*, 3 Mass. 514. *Pond* v. *Makepeace*, 2 Met. 114. The present plaintiff was the first administrator appointed in this Commonwealth, and he commenced this suit within two years after his appointment. The case is therefore precisely within the provisions of the Rev. Sts. *c.* 120, § 10, already cited. The judge of probate had authority to appoint an

administrator when he did; it being within twenty years from the decease of the testator. Rev. Sts. c. 64, §§ 3, 13.

But it is said, that upon this construction of the statute, it is possible that a suit may be brought twenty eight years after the note becomes due. Be it so. The statute of limitations cannot be extended by equity. It is a rule of positive law, and the only question, in each particular case, is, whether it is within the statute. If it is, it is barred; otherwise, it is not. The same consequence would have followed, had there been no statute of limitations.

It may, however, be said, if the statute needs an apology, that if, in the supposed possible case, an action may be brought twenty eight years after a cause of action accrues, this results from a peculiar combination of circumstances, which will rarely happen, and that the statute, applied practically to the generality of cases as they occur, will work well, and do good justice.

*Judgment for the plaintiff.*