## WILLARD, Administrator, *v.* HAMMOND.

Administrators and executors, who derive their authority from that State alone where the domicil of the deceased was, have, by our laws, no power beyond the limits of the State in which they are appointed, and none over the property situated in other jurisdictions.

S., a resident of Massachusetts, died testate in that State, appointing his executrix there; also leaving property in this State in the hands of H. A receipt for the property was subsequently given by H. to the executrix of the will. W. was appointed administrator in this State with the will annexed, and demanded the property of H.: *Held*, that the executrix had no right or power to interfere with the property here, and that H. was liable to an action by W. in case of refusal to deliver it up.

TROVER. The plaintiff is administrator with the will annexed, on the goods and estate within this State, which were of Jesse S. Spear, late of Boston, in the State of Massachusetts, deceased. The widow of Jesse S. Spear is executrix in the State of Massachusetts of the last will and testament of said deceased. Before and at the time of the death of Spear, the defendant was in possession in this State, of sundry medicines belonging to the estate of Spear. After the death of Spear, one Edmund Doe, who was employed by the executrix, called upon the defendant with a receipt which he, the defendant, had formerly given for the medicines at the time of receiving them, and on the request of Doe, the defendant took up this receipt and gave to Doe another, for the medicines then on hand, and also for a large lot of other medicines of the same kind, which Doe then left with him. The plaintiff afterwards, and before the commencement of this suit, demanded of the defendant that part of the medicines in his hands at the decease of Spear, claiming the same as administrator on the estate of Spear within this State, but without producing the receipt for the same. The defendant refused to deliver the medicines, saying that those which he had at the death of Spear were intermixed with those which he had received since, and that he could not distinguish them from the others. He offered to give them up whenever his receipt to Doe should be produced and delivered to him, but refused to do so until it was.

Willard *v.* Hammond.

The parties agreed that if the Court should be of opinion, that the action could be maintained upon the facts stated, judgment should be entered for a sum fixed by them, and costs; otherwise, that judgment should be entered for the defendant for costs. And the questions were transferred to this Court for determination.

*Wait,* for the plaintiff.

1. The plaintiff having been duly appointed administrator of the estate of the deceased within this State, all the property of the deceased, within this State at the time of his death, vested in the plaintiff by virtue of his appointment; and he was the only person who could rightfully call for or in any way control it. It can make no difference that the plaintiff is a mere ancillary administrator. His authority is the same for all purposes of administration of the estate of the deceased within this State, as though he were the principal administrator, until it comes to the distribution to the various persons entitled after the payment of the debts and the expenses of administration. *Jewett* v. *Smith,* 12 Mass. 309; *Heydock's Appeal,* 7 N. H. Rep. 503; *Goodall* v. *Marshall,* 11 Ib. 88; *Thompson* v. *Wilson,* 2 Ib. 291; *Vaughn* v. *Barret,* 5 Vermont Rep. 333.

2. The executrix in Massachusetts had no authority whatever to call for the property in the hands of the defendant, or in any other way to intermeddle with property of the deceased within this State. To this point, also, are the authorities above cited. When she attempted thus to intermeddle with property of the deceased within this State, she became a wrongdoer. The fact that she had in her possession the receipt which the defendant had originally given for the medicines, could confer no such authority upon her as to call for or collect it. Nothing short of letters of administration, granted by proper authorities of this State, could confer any such power.

3. The property in question was in the hands of the defendant, at the time when it was demanded by the plaintiff. He had a right, as administrator within this State, to call for it as property belonging to the estate of the deceased within this State,

and the defendant was bound to deliver it to him. The executrix in Massachusetts having no title to the property here, any agreement to deliver it to her agent, by this defendant, was void as against this plaintiff, the rightful administrator. The changing of the receipts, the taking up the first receipt and giving a new one to the agent of the widow of the deceased, was simply an agreement by the defendant to deliver the property to her, or her agent. But the property was still in the hands of the defendant, and this agreement could not avail against the claim of the administrator.

4. If the defendant had so intermixed the property with other property, that it could not be distinguished or separated, he did it in his own wrong, and this was itself a conversion; and it can furnish no excuse for not delivering it on the demand of the plaintiff.

5. There would be no consistency in allowing to two administrators, deriving their authority from different jurisdictions, the right to call for and take and hold possession of the same property for the purpose of an administration. One of the parties must have the right, to the exclusion of the other. And, according to all the authorities, that right is vested in the administrator within the State where the property is situated.

6. It is not only the right of the creditors to have the property within this State administered here, but it is the right of the administrator himself, and necessary for his own protection. Were it permitted to an administrator in another State, although his right be the principal administration, to interfere and collect the property, and carry it out of the State, the consequences might be that there would not be property enough remaining, to pay the expenses of the administration here; and the administrator might have incurred the expense, and taken upon himself the trust with a fair prospect at the time of being remunerated, and before he could complete his administration, the property would all have been collected and removed from the State, leaving him without remedy, as the expenses of an administration must be paid from the estate upon which the administration is granted, and could constitute no claim to be recovered in a suit

at law in any other jurisdiction. And if it could, it would be unjust to put him to that trouble and expense.

*Bennett,* for the defendant.

EASTMAN, J. The questions to be decided in this case depend upon the relative powers of an executor, residing in an adjoining State, and an administrator with the will annexed, resident in this State, over property within our limits at the time of the testator's decease; the testator being himself a resident of the adjoining State.

In the case of an intestate and an ancillary administration granted, it is believed to be well settled, that the administrator in one jurisdiction, has no power whatever over the property in the other, unless appointed in both. *Morrill* v. *Dickey,* 1 Johns. Ch. Rep. 153; *Doolittle* v. *Lewis,* 7 Ib. 45; *Goodwin* v. *Jones,* 3 Mass. 514; Story's Conflict of Laws, 422; *Goodall* v. *Marshall,* 11 N. H. Rep. 88. As he derives his authority from the law of the jurisdiction where he is appointed, his power ceases immediately upon his leaving the limits of his jurisdiction, and any interference with the property of the intestate in the jurisdiction where he is not appointed, is unwarranted by law, and renders him an administrator *de son tort.*

The power of an executor is, in the first place, derived from the will of the deceased; and when the principal appointment has been made in another jurisdiction, a copy of the will duly authenticated, if executed with the formalities required by the laws of this State, may, by a decree of the judge of probate, be filed and recorded in the probate office, and have the same effect as if made and proved in this State. Rev. Stat. ch. 157, §§ 13, 14. And the executor, by giving bond, becomes clothed with full powers here. But without this he has no authority to act, even for the collection of a demand. *Sabin* v. *Gilman,* 1 N. H. Rep. 193; *Thompson* v. *Gilman,* 2 Ib. 291; *Heydock's Appeal,* 7 Ib. 503; *Goodall* v. *Marshall,* 11 Ib. 88.

Such being the general principles, their application to the facts in this case is plain. Hammond, the defendant, being a resident

32*

of this State, had the property in question in his hands at the time of the testator's decease. He subsequently executed a receipt to Doe, the agent of the executrix. This receipt must be regarded in the same light as though given to the executrix herself, and is the only instrument by which she can attempt to exercise any control over the property. It is, however, a mere nullity so far as this property is concerned, without some one being legally authorized to enforce it. No one has been, and no application has been made for that purpose. But the plaintiff, who is administrator in this State with the will annexed, is clothed with all the power which our laws can give him, and is fully authorized to take the property. He is the only one that has any right to interfere with it, and, after demand made, can sustain an action of trover. This having been done, there must be

*Judgment for the plaintiff.*