Metcalf v. Yeaton.

———————◆———————

HENRY B. METCALF & al. *versus* GEORGE C. YEATON.

The plaintiffs sued as assignees under the insolvent laws of Massachusetts, which can operate only *intraterritorially*.

It is no cause for exception that they were allowed to amend their writ by striking out the words descriptive of the character in which they sued.

The production of notes given to the insolvent debtor, and by him indorsed in blank, is *prima facie* evidence of ownership. Being the holders of the notes, they may fill up the indorsements, so as to make them payable to themselves.

ON EXCEPTIONS and STATEMENT OF FACTS.

This was an action of ASSUMPSIT on two promissory notes hereafter described. The plaintiffs were described in the writ as citizens of Massachusetts, and as assignees of Joel M. Holden of Newton, in said State, an insolvent debtor. At the first term, in May, 1863, the plaintiffs moved for leave to amend their writ, by striking out the words describing them as assignees. The defendant objected on the ground that the writ was not thus amendable; but WALTON, J., presiding, overruled the objection and allowed

the amendment to be made; to which ruling the defendant excepted.

At the May term, 1864, the parties agreed upon a statement of facts, for the decision of the case by the full Court.

This action is upon two promissory notes signed by the defendant, given for a good and valuable consideration, and dated at Boston, in the Commonwealth of Massachusetts, one upon the 11th day of June, 1860, and the other on the 13th day of August, 1860; the first note being for $119,38, and the other for $119,39, each payable in six months from its date to Joel M. Holden or order. Said Holden, before the maturity of said notes, indorsed each of them in blank, to the Blackstone Bank in Boston, where they were discounted, which is the only indorsement he ever made of said notes.

Yeaton did not pay them when due (nor has he since) but they were paid and taken up at maturity by said Holden, as indorsee, to prevent their being protested, and afterwards said Holden went into insolvency under the statutes of Massachusetts, and the plaintiffs were duly appointed under said statutes the assignees of said Holden, and a commission issued to them, as such, under said statutes, on the 13th day of March, 1861.

The notes declared on came into the possession of the plaintiffs, under and by virtue of the proceedings in insolvency with said blank indorsement thereon, and none other, together with all of the other property of said Holden, and they still hold said notes, as such assignees, and for the benefit of the creditors of said Holden. They never paid any consideration to said Holden for said notes, but he surrendered said notes to the plaintiffs, as said assignee, under the decree and order of the Court of Insolvency for the County of Middlesex and Commonwealth of Massachusetts, (they having been appointed and commissioned by said Court, as said Holden's assignees, as aforesaid,) and in order to obtain his discharge under the insolvent laws of said Commonwealth.

The plaintiffs claim in this suit to recover as indorsees of said Holden, as by the writ and other pleadings in said suit (which with the two notes declared on are to be copied and made part of the case) appear. At the time said notes were made, the plaintiffs and defendant and said Holden were citizens of Massachusetts, but prior to the commencement of this suit, the defendant became and still is a citizen of Maine.

It is also admitted and agreed that this suit is brought with the approbation and consent of said Holden.

*H. H. Hobbs*, for plaintiffs.

*Tapley & Smith*, for defendant.

The opinion of the Court was drawn up by

APPLETON, C. J.—The writ originally described the plaintiffs as assignees. The Court allowed an amendment by striking out the words descriptive of the character in which they sued. This amendment was within the discretion of the Court and furnishes no ground of exception. *Lester* v. *Lester*, 8 Gray, 437.

The notes in suit were payable to Joel M. Holden, or order, and by him indorsed to the Blackstone bank, but, not having been paid by the maker at maturity, they were taken up by the indorser. The plaintiffs are the holders of the notes thus indorsed and remaining unpaid. Their production by the plaintiffs is *prima facie* evidence of their ownership of the same. *Lord* v. *Appleton*, 15 Maine, 270; *Pettee* v. *Prout*, 3 Gray, 502; *Golder* v. *Foss*, 43 Maine, 364. The plaintiffs being the holders have the right to fill up the indorsement, so as to make the notes payable to themselves.

The insolvent laws of Massachusetts operate only within its territorial limits. The plaintiffs could no more sue as assignees than as administrators deriving their authority from and under the statutes of that State. *Beaman* v. *Elliot*, 10 Cush., 172; *Brush* v. *Curtis*, 4 Conn., 312; *Upton* v. *Hubbard*, 28 Conn., 274.

The defendant has not paid the notes, nor has he shown any defence to the same. A payment of the judgment rendered in this case will afford him ample protection.

*Defendant defaulted.*

CUTTING, DAVIS, WALTON, DICKERSON and BARROWS, JJ., concurred.