## GIBSON, AD., v. PONDER.

1. PLEADING:   *Title of Administrator not raised by general demurrer.*

A general demurrer to an action by an administrator for a debt due his intestate, does not question his right to sue, but only the defendant's liability.

2. ADMINISTRATOR:  *Right of foreign to sue here:*

An administrator appointed at the deceased's domicil in another State cannot sue for a debt due his intestate in this State after the appointment of an administrator here.

APPEAL from *Lawrence* Circuit Court.

Hon. R. H. POWELL, Circuit Judge.

*J. K. Gibson,* pro se.

The legal capacity of parties cannot be raised on general demurrer. *Gantt's Dig.,* sec. 4565; *Bliss on Code Pleading,* sec. 408; *Lee vs. Walker,* 3 *Nut,* 61.

A demurrer that rests upon a fact not stated in the complaint should be overruled. *Struver vs. Ocean Ins. Co.,* 16 *Howard,* 422, and quoted with comment in *II Estee on Pleading,* pg. 363, sec. 11.

The only office of a demurrer is to raise issues of law upon the facts stated in the pleadings demurred to. *Bliss on Code Pleading,* sec. 404; *Estee on Pleading,* pg. 363, sec. 11, *and authorities there cited.*

Appellee's demurrer was general and the question of legal capacity can be raised only by a demurrer that specially points out that defect. 2 *Estee's Pleading,* pg. 370, sec. 33; *Myers' Ky. Code,* page 360, sub-section C.

Appellee's demurrer being general, only went to the jurisdiction of the Court on the legal sufficiency of the matters pleaded and nothing else, and legal incapacity to sue can only be taken advantage of by special demurrer. *Gantt's Dig.,* sec. 4565.

Either the Court had jurisdiction of the subject matter and of the parties to this suit, or it erred in rendering any judgment whatever against appellant, and in this instance the Court below gave judgment not only of dismissal but for costs. 6 *Ark.,* page 182.

By demurrer appellee admits that appellant is the Administrator of Dowell's estate, and the only one, no other being mentioned in the pleadings, and further admits

Gibson, Ad'r., v. Ponder.

that according to the pleadings appellee is indebted to appellant as administrator, and these facts being admitted, appellee's liability is fixed by the pleadings so far as it can be by a pleading; thus a prima facie case is made, and unless some defect in form appears upon the face of the pleadings, and that defect objected to in the manner pointed out by law, the objection is bad and the demurrer should be overruled. *II Estee's Pleading, page* 364.

Admit for the purpose of argument, the fact of there being a domiciliary administrator of Dowell's estate in some other State, appellant is administrator here, and there is an unbroken line of decisions in this Court sustaining the doctrine that the foreign or ancillary administrator shall collect such assets as shall be found within his own jurisdiction, and after paying expenses of administration and resident creditors in this State, the balance, if any, is remitted to the administrator at the domicile, and this he is bound to do even as against any claim to control such assets existing in his, the ancillary administrator's territory, by the domiciliary administrator. *Clark, as Ad., vs. Holt,* 16 *Ark.,* 257; *Apperson, Ex'r., vs. Bolton et al,* 29 *Ark.,* 437; *Duval et al vs. Marshall,* 30 *Ark.,* 242; *Shegog vs. Perkins et al,* 34 *Ark.,* particularly the cases cited in the dissenting opinion.

*Henderson & Caruth* for Appellees.

The debt was contracted in Missouri, was due there, and when collected will belong to the principal administration and be distributed there.

Under *Sec.* 4473, *Gantt's Dig.,* foreign administrators can sue in this State. Being given power to sue, he *alone* can sue, where the money when collected would lawfully and properly go into the hands of the principal administrator, &c.

*See Shegogg v. Perkins*, 34 *Ark.*, 117; *Williamson v. Fur-bush*, 31 *Ark.*, 539.

SMITH, J.    The complaint in this cause alleged that John H. Dowell, plaintiffs intestate, was a merchant domiciled in the State of Missouri; that at the time of his death, debts were due him by persons resident in this State; that letters of administration were granted to the plaintiff in Arkansas, and that Ponder was indebted to the deceased in the sum of $2,994.32 for money lent, goods, wares and merchandise, the items whereof were set out in a bill of particulars, and the balance due was sought to be recovered in this action. In the account filed, reference was made to certain notes made by the defendant, and he moved that the plaintiffs might be required to produce them. An affidavit filed in response to this motion disclosed the fact that administration had been taken at the domicil of the intestate. Thereupon the defendant demurred generally to the complaint and his demurrer was sustained and the plaintiff resting, final judgment was rendered in favor of the defendant.

1. Title of Administrator not raised by general demurrer.

It does not appear from the record, upon what grounds the complaint was adjudged to be insufficient in law. But it is suggested here, in support of the ruling below, that as section 4473 of Gantt's Digest gave the domiciliary administrator the right to sue in the Courts of this State, he alone could prosecute an action against Ponder to recover this debt.

Now if we concede that the complaint, taken in connection with the above mentioned affidavit, shows the grant of an administration upon Dowell's estate in Missouri, yet the incapacity of plaintiff to sue, if there is any, is waived by not being distinctly specified as an objection to the complaint. A general demurrer to the complaint did not raise the question of want of title to the character in which plaintiff sued, but only of defendant's liability to the estate of

Dowell. Bliss on Code Pleading, sections 264, 408, 409 and cases cited in notes, Gantt's Digest, section 4565.

Since, however, the case must be sent back, we will indicate our views upon the point which the defendant attempted to make.

While a payment to the administrator in Missouri would have been a valid discharge of Ponder from the debt, at least as against any administrator subsequently appointed here, (Doolittle v. Lewis, 7 Johns, Ch. 49); yet when a domestic administrator is once appointed, the right of the foreign administrator to collect the assets that are situate here and to use the process of our courts for that purpose ceases. It is a right which owes its existence to the comity of our statute, and of course it is subject to be construed or modified with reference to our own policy and the rights of our citizens. Persons, domiciled and dying in other States, are often indebted to creditors residing here, and may leave personal assets here. In such cases it would be a great hardship to permit the principal administrator to withdraw those funds without the payment of such debts, and thus leave creditors to seek their remedy in the domicil of the intestate, and perhaps then to meet with obstructions and inequalities in the enforcement of their rights from the peculiarities of the local law. *Story on conflict of laws, section 512;* and compare *sections 513a, 514, 515 and notes.*

2. Right of foreign administrator to sue in this State.

The debtor cannot be vexed with two different suits in respect of the same transaction, neither can there exist two administrators independent of each other and deriving their authority from different States, who are equally entitled to administer the same goods of the same intestate. *Goodwin v. Jones,* 3 *Mass.* 514.

There is another view which may have influenced the action of the Circuit Court. The account filed discloses an indebtedness to J. H. Dowell & Co. The Court may not

unnaturally have concluded that others, besides J. H. Dowell, may have had an interest in this mercantile house. And perhaps as a matter of pleading the complaint should have shown whether J. H. Dowell & Co., was a firm, composed of several members, or whether J. H. Dowell alone was trading under this firm name. If the debt was due to a partnership, of which some of the members are still living, the action should be in the name of the survivors and not of the representative of the deceased. partner, unless this particular debt has been assigned by the survivors to Dowell's estate as a part of his share in the partnership. assets.

The plaintiff can amend his complaint so as to show that it was only Dowell's estate which is interested in this claim; or, if the facts be otherwise, the defendant can plead that the firm of J. H. Dowell & Co. was composed of several members and that the right of action is in the surviving partner.

Reversed and remanded with directions to overrule the demurrer, and to proceed in other respects in conformity to this opinion.